IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIJAH C. MISENER,

                Plaintiff,

   v.

GARY VANDIVER, MEGAN STONER,
TINA DIRING, TRACY ROBERTS,
CAPTAIN JAN TETZLAFF, SGT. STEVEN
COLBROOK, SGT. RJ LURQUIN,
SGT. JOSHUA KORB, DEPUTY
JOHNATHAN YOUNG, DEPUTY
M. SMITH, and WHITNEY ANDERSON,

                Defendants.

OPINION and ORDER

25-cv-383-wmc

---

Representing himself, plaintiff Elijah C. Misener filed a civil action under 42 U.S.C. § 1983 and has filed a sprawling amended complaint against various staff members at the Dane County Jail. (Dkt. #9.) Because plaintiff filed this case as a prisoner and is proceeding without prepayment of the filing fee,[1] the court must screen and dismiss any claim brought by plaintiff that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e) and 1915A. When screening a complaint drafted by a non-lawyer like plaintiff, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Although the court accepts the allegations in the complaint as true, plaintiff must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550

---

[1] Plaintiff filed his original complaint while confined in the Dane County Jail. One of plaintiff's relatives notified the court on July 24, 2025, that plaintiff was in custody at the Jefferson County Jail. On October 1, 2025, plaintiff advised that he is now out of custody and residing in Sun Prairie.

U.S. 544, 557 (2007). However, because plaintiff's lengthy, disjointed complaint does not comply with pleading standards in the Federal Rules of Civil Procedure, the amended complaint must be dismissed. Therefore, to avoid dismissal of this lawsuit, plaintiff will need to submit a second amended complaint that corrects the deficiencies identified below.

## ALLEGATIONS OF FACT[2]

Plaintiff is a transgender man,[3] who worked as a police officer with the Madison Police Department between 2014 and 2021. The defendants, all of whom are employed at the Dane County Jail ("DCJ"), are listed as follows: Lieutenant Gary Vandiver; Megan Stoner; Tina Diring; Tracy Roberts; Captain Jan Tetzlaff; Sergeant Steven Colbrook; Sergeant RJ Lurquin; Sergeant Joshua Korb; Deputy Johnathan Young; Deputy M. Smith; and Whitney Anderson, who works for Wellpath.

Plaintiff reports that in November and December 2023, he was twice incarcerated in the Dane County Jail ("DCJ"), where he was housed in the "female segregation" unit ("seg"). Plaintiff sets forth his custodial history as follows:

Nov. 2023: approximately 3 days, DCJ seg.

Dec. 2023: approximately 2 days, DCJ seg.

July 13-17, 2024: DCJ seg.

July 17-19, 2024: Jefferson County Jail seg.

July 19-25, 2024: Home, on bail.

---

[2] Unless otherwise indicated, the allegations are taken from plaintiff's amended complaint (dkt. #9), which are assumed to be true for purposes of screening.

[3] The court will use the plaintiff's preferred pronouns, which are "he/him/his". (Dkt. #9, at 3 ¶ C.)

2

July 28-30, 2024: DCJ seg.

July 31-Aug. 2, 2024: Winnebago Mental Health Institute

Aug. 7-13, 2024: DCJ seg. on "precautions".

Aug. 29-Sept. 4, 2024: DCJ administrative confinement.

Sept. 4-18, 2024: DCJ general population.

Sept. 18-Nov. 14, 2024: Home, on bail.

Nov. 14-15, 2024: DCJ intake dorms.

Nov. 15-May 1, 2025: DCJ general population.

The above-referenced chronology of plaintiff's custodial history conflicts with some of his allegations. For example, although plaintiff claims that he was at Winnebago Mental Health Institute between July 31 and August 2, 2024, plaintiff also claims that on August 1, 2024, he was taken from DCJ to Meriter Hospital for a mental health assessment. Plaintiff, who remained at Meriter until the following day, was escorted by Deputy Young. During that stay, plaintiff made a "gesture" towards Deputy Young that was interpreted as an attempt to disarm him. Plaintiff was then charged with felony attempting to disarm a peace officer.[4]

Apart from his encounter with Deputy Young, most of the other allegations in plaintiff's amended complaint take issue with his conditions of confinement. Plaintiff appears to claim

---

[4] Plaintiff notes that he was found "not guilty" of these charges following a trial on April 23, 2025, and that he was also acquitted of bail jumping charges during the same proceeding. Plaintiff provides no other details about his criminal history or the reasons for his incarceration. Public records show that he was convicted on June 17, 2025, of possessing methamphetamine and bail jumping in Dane County Case No. 2024CF2751; battery or threat to a judge, prosecutor, or law enforcement officer and unlawful possession of a firearm in Dane County Case No. 2024CF1754; and violating a restraining order or injunction in Dane County Case No. 2024CF1827. Plaintiff was also convicted on March 28, 2025, of fleeing or eluding police and bail jumping in Jefferson County Case No. 2024CF349.

that from the time he entered DCJ custody in 2023, until August 15, 2024, he was not given soap and that he was further not permitted to shower until August 16, 2024. Plaintiff claims that at some point he was given a "suicide smock" to wear and denied toilet paper while he was "on precaution." In addition, he alleges that between August 15, 2024, and August 29, 2024, he was given only "one clean change of clothing, twice per week." He was also not given the opportunity to clean or sanitize his cell until August 29, 2024.

Plaintiff claims that between 2023 and August 29, 2024, he was either limited to his cell 24 hours per day or limited to his cell for 23 hours per day with one hour of time spent in the "sit-up room." He describes the cell as "nearly devoid of all sensory input and stimuli," and almost entirely silent at all times. While in his cell, plaintiff was reportedly exposed to "non-stop, 24-hour per day lighting," although the lights were dimmed between 10:00 p.m. and 4:30 a.m. He was further "deprived of virtually all human contact." Plaintiff was never allowed visitors, and he had no phone privileges or other means of communication. He requested a book at some point, but that request was denied by Sergeant Lurquin. He was also denied articles or puzzles, and was not allowed to purchase anything from the commissary.

Plaintiff alleges further that between 2023 and August 29, 2024, he was denied access to programs and rehabilitation opportunities. He was also denied religious services during this time. He used "the tablet" to apply for "recovery support" in August 2024, but that request was ignored.

Between August 8, 2024, and August 29, 2024, plaintiff was denied access to one hour of television that was available in the sit-up room. Plaintiff claims that he was denied access to television during this time on orders from Lieutenant Vandiver.

On August 14, 2024, plaintiff was notified that his housing assignment would be reviewed weekly by the DCJ "Restrictive Housing Committee." At this time, the following defendants served on the RHC: Stoner; Roberts; Diring; Tetzlaff; Vandiver; Colbrook; Lurquin; Korb; and Anderson. Plaintiff refers to these individuals as the "RHC Defendants." In late August 2024, defendant Diring responded to several of plaintiff's requests related to his gender expression, including his request to discontinue hormone replacement therapy, shaving his facial hair, and selecting a female name.

On another undisclosed date, plaintiff used "torn off orange pieces of his 'seg mattress'" and sheets of toilet paper to play "checkers" by himself on the floor of his cell. He claims that Megan Stoner charged him with "damaging jail property" and fined him $250.00. On appeal Captain Tetzlaff reduced the fine to $50.00, citing an inability to prove the charge.

On August 29, 2024, plaintiff was moved from DCJ seg to administrative confinement in another cellblock. He was then housed with "two cisgender female inmates." In less than a week, plaintiff was moved to the "medium maximum security general population" and housed with six cisgender women, then released on bail on September 18, 2024.

Plaintiff claims that, as a result of his experiences in DCJ, two non-profit organizations were founded in September 2024, including "Transform Dane" and "Trans Mission," with plaintiff serving as a vice president. Plaintiff alleges that the president of these organizations (Rebecca Peterson) contacted Channel 3 News, Governor Tony Evans, and a "DOC representative" regarding plaintiff's status at DCJ. He seeks monetary relief.[5]

---

[5] Because plaintiff is no longer confined in DCJ, his requests for injunctive relief are moot. *See McDaniel v. Syed*, 115 F.4th 805, 820 (7th Cir. 2024) (determining that release rendered moot a plaintiff's request for injunctive relief concerning treatment in prison).

5

OPINION

Near the end of his 20-page, single-spaced amended complaint, plaintiff lists 37 "claims" against the defendants for violating his rights under the Fourteenth Amendment to the U.S. Constitution.[6] Each discrete claim is two sentences in length, asserting a constitutional violation based on facts found elsewhere in previous, lettered paragraphs. The lengthy series of deprivations outlined in the lettered paragraphs concern plaintiff's confinement at various times in the DCJ, and most of those deprivations are described without any clear link to a specific action or instance of inaction by one of the defendants, making it difficult to establish their personal involvement in a potential constitutional violation for purposes of liability under 42 U.S.C. § 1983. Section 1983 requires a causal connection between the officer being sued and the constitutional deprivation. *See Hunter v. Mueske*, 73 F.4th 561, 567-68 (7th Cir. 2023); *see also Whitlock v. Brueggemann*, 682 F.3d 567, 583 (7th Cir. 2012) ("Causation requires us to analyze the relation between an official's conduct and a resulting injury; when, where, and exactly how that injury occurs" is part of the causation inquiry.).

The rambling, disjointed manner in which plaintiff has presented his litany of deprivations is insufficient to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In particular, the Seventh Circuit has "found complaints wanting when they present a 'vague, confusing, and conclusory articulation of the factual and legal basis for the claim and [take] a

---

[6] Plaintiff also references the Ninth Amendment, which preserves certain unarticulated fundamental rights that are implicit in the enumerated guarantees of the Bill of Rights, but those allegations do not state a claim because the Ninth Amendment "is not a substantive source of constitutional guarantees". *O'Donnell v. Village of Downers Grove*, 656 F. Supp. 2d 562, 568-69 (N.D. Ill. 1987).

general 'kitchen sink' approach to pleading the case.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible[] by scattering and concealing in a morass of irrelevancies the few allegations that matter."). Such complaints frustrate the primary purpose of Rule 8(a), which is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 544, and to frame the issues while providing a basis for informed pretrial proceedings. *Stanard*, 658 F.3d at 797.

Although plaintiff's *pro se* pleadings are entitled to leniency, he is not excused from meeting the basic requirements of Rule 8(a)(2). *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Because plaintiff's lengthy, disjointed complaint does not comply with Rule 8, dismissal is appropriate. *Stanard*, 658 F.3d at 798; *see also Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011) (affirming dismissal of a *pro se* plaintiff's complaint that did not comply with Rule 8, where the complaint's length and disjointed nature made it impossible for the district court to identify the specific allegations against each defendant and therefore impossible to determine whether any claims had potential merit).

In addition, it appears that plaintiff's amended complaint also violates Federal Rule of Civil Procedure 20, which prevents multiple defendants from being joined together in one lawsuit unless all of the claims asserted against them arise out of the same occurrence or series of occurrences. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant

that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Here, plaintiff has not successfully demonstrated that all of his claims are properly asserted as to all of the defendants in this lawsuit.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Although plaintiff has already filed one amended version of his complaint, the court will grant him one additional opportunity to file another amended complaint that complies with the federal pleading rules. To comply with Rule 8, plaintiff must set forth a short and plain statement of his claims against each defendant in a clear manner, establishing with particularity each defendant's personal involvement with his claims. Rule 10(b) requires a party to state its claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Under Rule 20, plaintiff may bring only *one* set of claims in this lawsuit. If plaintiff files his amended complaint by the deadline set forth below, the court will screen it under 28 U.S.C. § 1915(e)(2)(B).

ORDER

IT IS ORDERED that the amended complaint filed by plaintiff Elijah C. Misener (dkt. #9) is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rules of Civil Procedure 8 and 20. Plaintiff has until **March 2, 2026**, to file an amended complaint as directed above. Plaintiff's failure to respond by that deadline will cause the court to dismiss

his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 2nd day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge